BARRY, Judge.
Rita Lee appeals the denial of her petition for a preliminary injunction which sought to stop her eviction for non-payment of rent. At issue is whether the Housing Authority of New Orleans should be enjoined from executing a warrant for possession of the premises.
In August, 1984 Ms. Lee was unable to pay her rent due to high utility bills and illness. ■ She received notice to vacate on September 5, and a judgment of eviction was rendered on September 28. On October 2 a HANO employee agreed to accept her rent on October 5, however, a warrant for possession was issued October 3. The employee advised Ms. Lee that due to a change in policy he could no longer take late payments. Ms. Lee’s preliminary injunction was dismissed, but a stay order was issued.
Late in September, 1984 HANO’s policy was changed to disallow acceptance of rent once a warrant for possession was issued. Ms. Lee asserts she was unaware of the change and testified she would have borrowed money on October 2 if the employee had rejected her offer. She argues justifi *999 able reliance which resulted in a detrimental change, i.e., eviction and urges estoppel.
The essential elements of estoppel are a representation by conduct or word, justifiable reliance, and a change in position to one’s detriment because of that reliance. Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975).
Ms. Lee properly relied on HANO’s promise. On prior occasions she made a similar arrangement with the same HANO employee. Under these facts, HANO’s policy change is not applicable to circumvent Ms. Lee’s reliance.
The judgment is reversed and this matter remanded for entry of a preliminary injunction pending further action.
REVERSED
REMANDED